# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY C. JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 09-cv-420-MJR |
| | ) |
| JOSE A. DELGADO, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, formerly an inmate at the Menard Correctional Center,[1] brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary, declaratory, and injunctive relief for alleged violations of his constitutional rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] It appears that after filing this action, Plaintiff was released on parole.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

In early April 2008, while confined at the Tamms Correctional Center, Plaintiff requested restoration of good conduct credits that had previously been taken from him. In late April 2008, Plaintiff learned from prison staff that 9 months of good conduct credit would be restored to him pursuant to his request. In early May 2008, however, Plaintiff witnessed two corrections officers at Tamms choke another inmate in the law library. It appears that Plaintiff agreed to make a statement concerning this attack to Defendants Newell and Mitchell.

In mid-May 2008, Plaintiff was transferred from Tamms to Menard. After his arrival at Menard, Plaintiff was shown a copy of a statement that Newell and Mitchell attributed to him.

2

Plaintiff, though, contends that Newell and Mitchell altered his statement so as to make it appear that the inmate who was choked by the corrections officers had not been fully restrained. In mid-October 2008, after Plaintiff continued to object that the statement was incorrect, he was issued a disciplinary ticket for "impeding an investigation" by Defendant Delgado and placed on temporary administrative segregation.

In late October 2008, Plaintiff was found guilty of the disciplinary ticket by Defendants Darnell and Lee. As a result, Plaintiff was placed on 6 months segregation; 6 months C-grade; and 6 months commissary restriction. Plaintiff contends that the Defendants Darnell and Lee were biased and prejudiced against him and that the disciplinary action was not supported by any evidence. Furthermore, Plaintiff charges that Defendants Darnell and Lee found him guilty in retaliation for Plaintiff because he had reported the misconduct of other corrections officers. Additionally, Plaintiff claims that Defendants Newell, Mitchell, Gaetz, Hulick, Walker, and the Illinois Department of Corrections (IDOC), withheld the restoration of 9-months of good conduct credit - awarded back to him in based on his April 2008 request - because of Plaintiff's complaints about the corrections officers.

Plaintiff claims (1) that he was denied equal protection of the law because he was subjected to "vindictive action for complaining . . . [about] staff misconduct"; (2) that he was denied Due Process of law because the disciplinary action was not supported by sufficient evidence of Plaintiff's guilt; (3) that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment while confined in disciplinary segregation; (4) that he was denied Due Process of law because his good conduct credits were withheld without reason; and (5) that he was retaliated against for exercising his First Amendment right to complain about staff misconduct by being falsely

charged and found guilty of the disciplinary report and by having the restoration of his good conduct credits held up.

### DISCUSSION

**A. Claims against the IDOC.**

At the outset, the Court finds that Plaintiff's claims against the IDOC must be dismissed pursuant to 28 U.S.C. § 1915A. Neither a State, state agencies, nor state officials acting in their official capacities are persons under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

**B. Equal protection claim.**

Plaintiff claims that the Defendants singled him out for unfair treatment (finding him guilty of the conduct violation and withholding his good time credits) for "complaining . . . [about] staff misconduct" thereby creating a "class of one." *See Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). This claim is without merit because it is indistinguishable from Plaintiff's claim that he was retaliated against for filing complaints against staff.

**C. Due Process.**

The Court reads Plaintiff's complaint as attempting to assert two Due Process claims: (1) that he was denied Due Process of law in connection with his disciplinary hearing; and (2) that the withholding of good conduct credits which had been restored to him violated Due Process of law.

With respect to the process due Plaintiff in connection with his disciplinary hearing, when a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for 6 months; placed on C-grade for 6 months; and placed on commissary restriction for 6 months. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the

most secure prison in the State of Illinois.  Therefore, Plaintiff's due process claim is without merit.

A loss of good conduct credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence.  In this case, Plaintiff appears to claim that he "lost" good conduct credit because the Defendants withheld (or delayed) a restoration of good conduct credit that had already been approved.  In the usual case, the proper method for challenging the loss of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts.  *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). But this is not the usual case.  Plaintiff is currently released on parole and it does not appear that a decision in Plaintiff's favor on his § 1983 Due Process claim would necessarily shorten his custody.  *See Simpson v. Nickel*, 450 F.3 303, 307 (7th Cir. 2006) (holding that *Heck* has no application when collateral review is unavailable, either because the plaintiff's custody has expired or because he was never "in custody" as a result of the contested action).  At this point, the Court cannot conclude that Plaintiff's Due Process claim concerning his good conduct credits should be dismissed pursuant to § 1915A.

### D. Conditions of confinement (Eighth Amendment).

The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment.  As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime .*Id.,* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  The Constitution also prohibits punishment that is totally without penological justification.  *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic

human needs like food, medical care, sanitation, and physical safety. *Rhodes,* 452 U.S. at 346 ; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *See also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is

satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842.  A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22.  It is well-settled that mere negligence is not enough. *See, e.g., David v. Cannon*, 474 U.S. 344, 347-48 (1986).

In the case at hand, Plaintiff has failed to allege facts satisfying the objective component of an Eighth Amendment claim.  The complaint does not indicate that the conditions of disciplinary confinement at Menard deprived Plaintiff of basic human needs or deprived him of the minimal civilized measure of life's necessities.

**E. Retaliation**.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*  In this case, Plaintiff sserts that he was retaliated against by being found guilty of a "false" conduct violation and by having good conduct credits withheld.  Furthermore, Plaintiff identifies the specific grievances for which he was allegedly retaliated against.  Therefore, Plaintiff's retaliation claim should not be dismissed at this time.

8

**G. Defendant Cowan**.

Plaintiff's claims against Defendant Cowan should be dismissed pursuant to 28 U.S.C. § 1915A. Although named as a defendant in the caption of the complaint, the allegations of the complaint fail to make any mention of Defendant Cowan. A plaintiff cannot state a claim against a defendant simply by including the defendant's name in the caption. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

## DISPOSITION

**IT IS HEREBY ORDERED** that all of Plaintiff's claims against the Illinois Department of Corrections and Defendant Cowan are **DISMISSED** pursuant to 28 U.S.C. § 1915A. Plaintiff's claims that he was denied equal protection; that he was denied Due Process of law in connection with his disciplinary hearing; and that he was subjected to conditions of confinement that violated the Eighth Amendment are also **DISMISSED** pursuant to 28 U.S.C. § 1915A. Plaintiff is advised that the dismissal of this claims will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Because there no claims pending against it, Defendant Cowan and the Illinois Department of Corrections are **DISMISSED** as a defendant in this action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Delgado Newell, Lee, Mitchell, Darnell, Hulick, Gaetz, and Walker.**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Delgado Newell, Lee, Mitchell, Darnell, Hulick, Gaetz, and Walker** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file

>the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply

with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051

(7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

  **IT IS SO ORDERED**.

  **DATED this 1st day of March, 2010.**

            **s/ Michael J. Reagan**
            **MICHAEL J. REAGAN**
            **United States District Judge**