IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY C. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-420-MJR |
| | ) |
| JOSE A. DELGADO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on the motion of Defendants Delgado, Gaetz, Hulick, Lee, Mitchell, Newell, and Walker to revoke Plaintiff's *pauper* status. *See* (Doc. 22).

**BACKGROUND**

At the time he filed his pro se civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and his motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 2), Plaintiff was confined at the Menard Correctional Center. After filing his complaint and his motion to proceed *in forma pauperis,* Plaintiff was released from confinement. Because Plaintiff was detained at the time he filed these pleadings, however, the Court concluded that the prisoner provisions of 28 U.S.C. § 1915 still apply. *See Robbins v. Switzer*, 104 F.3d 895, 897-98 (7th Cir. 1997).

On March 1, 2010, this Court granted Plaintiff's motion to proceed *in forma pauperis*. *See* (Doc. 7). Following the procedure detailed by the Seventh Circuit in *Robbins*, this Court assessed an initial partial filing fee of $14.52 and gave Plaintiff 15 days to pay this sum. The Court further directed Plaintiff to either pay the balance of the filing fee or submit a new motion

to proceed *in forma pauperis* with respect to it also within 15 days.

Plaintiff was thereafter granted additional time to comply with this Court's Order. *See* (Doc. 12). Plaintiff has paid the $14.52 initial partial filing fee - albeit belatedly - and Plaintiff has also submitted a motion to proceed *in forma pauperis* with respect to the balance of the filing fee (Doc. 16). Plaintiff's motion to proceed *in forma pauperisi* with regard to the balance of the filing fee ($335.48) is still pending before the Court.

On May 10, 2010, Defendants filed the instant motion challenging the Plaintiff's eligibility to proceed *in forma pauperis*. Defendants contend that, prior to commencing this civil action, Plaintiff had previously acquired three qualifying "strikes" for purposes of 28 U.S.C. § 1915(g). If Plaintiff had three qualifying "strikes" when he commenced this action - at a time when he was incarcerated - then Plaintiff cannot proceed *in forma pauperis* unless he was "under imminent danger of serious physical injury" at the time he filed his action. Because the Defendants claim that the complaint fails to allege that Plaintiff was under "under imminent danger," Defendants argue that the Court erred in granting Plaintiff's motion to proceed *in forma pauperis*.

In their memorandum of law (Doc. 23), Defendants contend that the following dismissals count as "strikes": (1) a Memorandum and Order dated March 3, 2000, issued by District Judge Harold A. Baker in *Johnson v. Marshal*, Case No. 99-1190 (C.D. Ill.); (2) an Order dated January 13, 2003, issued by District Judge J. Phil Gilbert in *Johnson v. Ramsey*, Case No. 00-185 (S.D. Ill.); (3) an Order dated March 14, 2003, issued by the undersigned in *Johnson v. Nix*, Case No. 02-588 (S.D. Ill.); and (4) an Order dated October 26, 2006, issued by District Judge William D. Stiehl in *Johnson v. Bowers*, Case No. 05-148 (S.D. Ill).

On June 1, 2010, Plaintiff filed a response in opposition to Defendants' motion (Doc. 27). Plaintiff's response takes issue with the arguments set forth in Defendants' memorandum of law. Thus, Defendants' motion to revoke Plaintiff's *in forma pauperis* status is ripe for determination.

**DISCUSSION**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As noted above, the prisoner provisions of § 1915 - including those contained in § 1915(g) - apply to Plaintiff even though he was released from confinement during the time his motion to proceed *in forma pauperis* was pending before this Court. *Robbins*, 104 F.3d at 897-98.

In the Seventh Circuit, a "strike" may be counted if any portion of a prior action is dismissed as frivolous, malicious, or for failing to state a claim. *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). Whether a prior dismissal counts as a "strike" for purposes of § 1915(g) must be determined by this Court. *Gleash v. Yuswak*, 308 F.3d 758, 761-62 (7th Cir. 2002). Any notation in a prior dismissal order that such dismissal would count as one of Plaintiff's three "strikes" is nothing more than "a housekeeping matter." *Id.* at 761. Similarly, the lack of a notation in a prior dismissal order that such dismissal counts as a "strike" does not prevent this Court from counting the prior dismissal as a "strike" for purposes of § 1915(g). In short, this Court must examine the prior dismissal

order and determine whether the complaint (or any claim asserted in the complaint) was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.

The Court's inquiry, however, does not end there. In addition to reviewing the dismissal order, this Court must review the rest of the record in the prior case to determine whether there is anything that might prevent a particular dismissal order from counting as a "strike" for purposes of § 1915(g). A later docket entry, for example, might reveal that the dismissal order was vacated on appeal by a Court of Appeals. A dismissal order that has been vacated on appeal cannot count as a "strike" for purposes of § 1915(g).

The Court now turns to an examination of the prior dismissal orders that the Defendants claim constituted "strikes" when this case was filed on June 3, 2009.[1]

**Johnson v. Marshal, Case No. 99-1190 (C.D. Ill.)**

Docket entries made in this case indicate that on March 3, 2000, Judge Baker issued an order dismissing Plaintiff's claims against defendants West, Marshall, Roper, Reilman, Crank, Niles, Jordan, Cloves, and Kennedy for failing to exhaust his administrative remedies and dismissing the complaint "in its entirety against all remaining defendants for failure to state a claim for relief" pursuant to Rule 12(b)(6) (hereinafter referred to as the "Dismissal Order").[2]

---

[1] Defendants attached copies of some of the orders of dismissal to their memorandum. The Court, however, has also reviewed the records of the Central District of Illinois available through the Court's Public Access to Court Electronic Records (PACER) system and its own records available through the Case Management/Electronic Case Filing (CM/ECF) system.

[2] Only the docket entry for this order was reviewed by this Court. The Dismissal Order is not available through PACER and Defendants have not attached a copy of the Dismissal Order to their memorandum.

*Johnson v. Marshal*, Case No. 99-1190 (C.D. Ill.) (docket sheet, Doc. 78 made on March 3, 2000). The docket entry does not indicate whether the dismissals were with or without prejudice. Because docket entries must show the nature of each order, Fed. R. Civ. P. 79(a)(3), this Court assumes that the Dismissal Order also did not indicate whether the dismissals were with or without prejudice. Consequently, this Court assumes the dismissals were with prejudice. Fed. R. Civ. 41(b). Although Plaintiff sought to appeal the Dismissal Order, the appeal was dismissed by the Seventh Circuit. *Johnson v. Marshal*, No. 00-1802 (7th Cir., Nov. 15, 2000).

Where, as here, the docket entry concerning the Dismissal Order indicates the basis for the dismissals, there is sufficient evidence from which this Court can determine whether the dismissals qualify under § 1915(g). *Harris v. City of New York*, __ F.3d __, 2010 WL 2179151 *5 (2nd Cir. June 2, 2010) ("district court may rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted"); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 434-35 (D.C. Cir. 2007) (accepting docket reports indicating that prior dismissals satisfied at least one of the § 1915(g) criteria for a "strike"); *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) ("district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike"). In this case, the docket entry indicates that the dismissals were based, in part, on Plaintiff's failure to exhaust administrative remedies and, in part, because the complaint failed to state a claim under Rule 12(b)(6). As noted above, the Court assumes the dismissals were with prejudice. The question now becomes do either (or both) of these dismissals by Judge Baker qualify as a "strike" for purposes of § 1915(g)?

Counting the dismissal of Plaintiff's claims for failing to exhaust administrative remedies as a "strike" is problematic. The Seventh Circuit has held that the dismissal of a prisoner civil rights complaint for failing to exhaust administrative remedies should normally be without prejudice unless it is already too late for the prisoner to exhaust his remedies. *See Walker v. Thomson*, 288 F.3d 1005, 1009 (7th Cir. 2002). If Judge Baker's dismissal of these claims *with prejudice* was in error, it arguably should not count as a "strike" for purposes of § 1915(g). *See Gleash v. Yuswak*, 308 F.3d at 762 (suggesting that a court considering a motion to proceed *in forma pauperis* may revisit the merits of the prisoner's prior dismissal).[3] While the Seventh Circuit has not yet resolved whether a dismissal without prejudice for failing to exhaust administrative remedies should count as a "strike" for purposes of § 1915(g), the Fourth, Eighth, and Tenth Circuits have held that such a dismissal does not count as a "strike" for purposes of § 1915(g). *See Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007) (stating that dismissal for failure to exhaust is not a strike); *Green v. Young*, 454 F.3d 405, 409 (4th Cir. 2006) ("we must honor Congress's deliberate omission from § 1915(g) of dismissals for failure to exhaust and conclude that routine dismissal for failure to exhaust administrative remedies does not count as a strike

---

[3] This aspect of *Gleash* is troubling for any district court considering an *in forma pauperis* motion. In *Gleash*, the district court had dismissed the prisoner plaintiff's complaint for failing to state a claim. The prisoner plaintiff did not appeal the dismissal, but filed a second suit that was dismissed as duplicative by the district court, and this time the prisoner appealed. The Seventh Circuit held that although the first suit should not have been dismissed, the second suit was properly dismissed as *res judicata*. The Seventh Circuit also stated that while the second dismissal counted as a "strike" for purposes of § 1915(g), the first dismissal did not because plaintiff's first complaint had actually stated claim. *Gleash*, 308 F.2d at 762. It is troubling that the Seventh Circuit considered itself bound by the erroneous (but unappealed) dismissal of Plaintiff's first suit, but not by the consequences of that dismissal which should have been a "strike" under § 1915(g). To require a district court to review the merits of a dismissal made by a different district court in a prior case is unworkable. Put simply, this Court is not in a position to determine whether dismissals made by other district courts are erroneous.

Counting the dismissal of Plaintiff's claims for failing to exhaust administrative remedies as a "strike" is problematic. The Seventh Circuit has held that the dismissal of a prisoner civil rights complaint for failing to exhaust administrative remedies should normally be without prejudice unless it is already too late for the prisoner to exhaust his remedies. *See Walker v. Thomson*, 288 F.3d 1005, 1009 (7th Cir. 2002). If Judge Baker's dismissal of these claims *with prejudice* was in error, it arguably should not count as a "strike" for purposes of § 1915(g). *See Gleash v. Yuswak*, 308 F.3d at 762 (suggesting that a court considering a motion to proceed *in forma pauperis* may revisit the merits of the prisoner's prior dismissal).[3] While the Seventh Circuit has not yet resolved whether a dismissal without prejudice for failing to exhaust administrative remedies should count as a "strike" for purposes of § 1915(g), the Fourth, Eighth, and Tenth Circuits have held that such a dismissal does not count as a "strike" for purposes of § 1915(g). *See Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007) (stating that dismissal for failure to exhaust is not a strike); *Green v. Young*, 454 F.3d 405, 409 (4th Cir. 2006) ("we must honor Congress's deliberate omission from § 1915(g) of dismissals for failure to exhaust and conclude that routine dismissal for failure to exhaust administrative remedies does not count as a strike

---

[3] This aspect of *Gleash* is troubling for any district court considering an *in forma pauperis* motion. In *Gleash*, the district court had dismissed the prisoner plaintiff's complaint for failing to state a claim. The prisoner plaintiff did not appeal the dismissal, but filed a second suit that was dismissed as duplicative by the district court, and this time the prisoner appealed. The Seventh Circuit held that although the first suit should not have been dismissed, the second suit was properly dismissed as *res judicata*. The Seventh Circuit also stated that while the second dismissal counted as a "strike" for purposes of § 1915(g), the first dismissal did not because plaintiff's first complaint had actually stated claim. *Gleash*, 308 F.2d at 762. It is troubling that the Seventh Circuit considered itself bound by the erroneous (but unappealed) dismissal of Plaintiff's first suit, but not by the consequences of that dismissal which should have been a "strike" under § 1915(g). To require a district court to review the merits of a dismissal made by a different district court in a prior case is unworkable. Put simply, this Court is not in a position to determine whether dismissals made by other district courts are erroneous.

under § 1915(g)"); and *Maleng v. Reding*, 195 Fed. Appx. 714, 716 (10th Cir. 2006) (concluding that "the dismissal of a § 1983 complaint for failure to exhaust is not considered a strike, since it is not a dismissal pursuant to § 1915(e)(2)(B)"). The Second Circuit has not definitively resolved the issue, but nevertheless has expressed the view that a dismissal for failing to exhaust administrative remedies should not count as a "strike" for purposes of § 1915(g). *Snider v. Melindez*, 199 F.3d 108, 111-12 (2nd Cir. 1999). This Court need not resolve the matter because at least some of Plaintiff's claims were dismissed by Judge Baker pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The language of Rule 12(b)(6), which permits dismissal for "failure to state a claim upon which relief can be granted," tracks the language of § 1915(g). When Congress uses the same language in two different statutory provisions, federal courts presume Congress means the same thing in both statutes. Moreover, because this Court assumes that the Rule 12(b)(6) dismissal was with prejudice, the dismissal constituted an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). Thus, this Court finds that Judge Baker's dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) for failing to state a claim also constitutes "strike one" for purposes of § 1915(g).

**Johnson v. Ramsey, No. 00-185 (S.D. Ill.)**

On January 13, 2003, Judge Gilbert issued an order, after screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, dismissing Counts 2, 3, 6, 8, 11, 12, 14, 16, 17, 25, 28, 29, 30, and 31 of the complaint without prejudice for failing to state a claim. Based upon this Court's review of Judge Gilbert's order, Counts 2, 3, 6, 14, and 31 were dismissed for pleading deficiencies. Counts 8, 11, 12, 16, 17, 25, 28, 29, and 30, however, were dismissed on the merits. For example, Judge Gilbert dismissed Count 28 - an access to the courts claim - because

Plaintiff did not suffer actual prejudice to a non-frivolous claim. The case continued, however, with respect to Counts 1, 4, 5, 7, 9, 10, 13, 15, 18, 19, 20, 21, 22, 23, 24, 26, 27, 32, and 33.

This Court's records indicate that on or about December 9, 2004, the parties reached a verbal agreement to settle *Ramsey* plus *Johnson v. Rhodes*, Case No. 01-244 (S.D. Ill), *Johnson v. Nix*, Case No. 02-588 (S.D. Ill.), and a state court action. *See Johnson v. Rhodes*, Case No. 01-244 (S.D. Ill.) (minutes of status conference, Dec. 9, 2004). On February 5, 2005, Plaintiff executed a Settlement Agreement which required him to dismiss, with prejudice, "his pending cases in *Johnson v. Ramsey*, *et al.* (USDC-SD 00-185-JPG), *Johnson v. Nix*, *et al.* (USDC-SD 02-588-MJR), and *Johnson v. Snyder*, *et al.* (Alexander County Case No. 03-MR-8)." *See Johnson v. Rhodes,* Case No. 01-244 (S.D. Ill.) (Settlement Agreement filed Feb. 28, 2005).

No stipulation of dismissal, however, was filed by the parties in *Ramsey*.[4] Instead, on March 22, 2005, Judge Gilbert issued an order dismissing *Ramsey* with prejudice noting that "[t]he record in this case reveals that the parties have agreed to dismissal of this case with prejudice." *Johnson v. Ramsey*, Case No. 00-185 (S.D. Ill.) (Order filed March 22, 2005). Judgment was entered accordingly. *Id.* (Clerk's Judgment filed March 22, 2005). No appeal was taken.

The issue before this Court is whether Judge Gilbert's 2003 dismissal order should count as a "strike" for purposes of § 1915(g) - particularly since the dismissal was without prejudice. There is a split in Circuit Courts of Appeals as to whether a dismissal without prejudice can be counted as a "strike" for purposes of § 1915(g). In the Ninth and Tenth Circuits, a dismissal

---

[4]A stipulation of dismissal was filed in *Johnson v. Rhodes*, Case No. 01-244 (S.D. Ill.), but the stipulation appears to cover just that case. *See Johnson v. Rhodes,* Case No. 01-244 (S.D. Ill.) (Stipulation to Dismiss filed Feb. 10, 2005).

without prejudice may be counted as a "strike." *See O'Neal v. Pierce* 531 F.3d 1146, 1154-55 (9th Cir. 2008); and *Day v. Maynard*, 200 F.3d 655, 667 (10th Cir. 1999). In the Fourth Circuit, a dismissal without prejudice may not count as a "strike." *See McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009). The Seventh Circuit does not appear to have expressly addressed the issue. In *Cage v. Lyons*, 248 F.3d 1157, 2007 WL 1770668 *2 (7th Cir. Nov. 22, 2000) (unpublished), however, a panel of the Seventh Circuit determined that five complaints dismissed by the district court without prejudice for failing to state a claim counted as "strikes" for purposes of § 1915(g). *Id.* Accordingly, the panel found that plaintiff should not have been permitted to proceed *in forma pauperis* on appeal. *Id.* Based on the result in *Cage* and on the reasoning in *O'Neal* and *Day*, this Court finds that Judge Gilbert's 2003 order dismissing several of Plaintiff's claims without prejudice may be counted as a "strike."

Additionally, this Court finds that neither the Settlement Agreement entered into by the parties nor Judge Gilbert's 2005 order dismissing the action based on that agreement alter this conclusion. A notice of voluntary dismissal of an action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure or even a Stipulation of Dismissal signed by all of the parties pursuant to Rule 41(a)(1)(A)(ii) usually leaves the parties in "the situation as if the suit had never been filed." *Bryan v. Smith,* 174 F.2d 212, 215 (7th Cir. 1949). Such a dismissal normally "'carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and of defendant, and all issues, with respect to plaintiff's claim.'" *Id*. at 214 (*quoting* 27 C.J.S. Dismissal and Nonsuit 39).[5] But, Plaintiff did not filed a notice of voluntary dismissal

---

[5]The application of this principle to § 1915(g) is questionable. It would frustrate the purpose of 28 U.S.C. § 1915(g) if a prisoner plaintiff could file a meritless lawsuit, await the outcome of a court's threshold review of the complaint, and then move for voluntary dismissal if

in *Ramsey* nor did the parties file a written and signed stipulation of dismissal in that case.

Instead, *Ramsey* appears to have been dismissed by Judge Gilbert pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A dismissal pursuant to Rule 41(a)(2) does not appear to undo any prior orders or make the case a nullity. *See Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 814 F.2d 90, 91-95 (7th Cir. 1987) (parties who voluntarily dismissed remaining claims pursuant to Federal Rule of Civil Procedure 41(a)(2), in order to bring about immediate appeal from district court's order granting opponent's motion for partial summary judgment, could obtain appellate review only of partial summary judgment order and not of any matters that were voluntarily dismissed). Accordingly, Judge Gilbert's 2003 order dismissing several counts of Plaintiff's complaint is "strike two."

### Johnson v. Nix, No. 02-588 (S.D. Ill.)

On March 14, 2003, the undesigned issued an order, after screening Plaintiff's complaint, dismissing Counts 1 and 3 (in their entirety) with prejudice pursuant to § 1915A for failing to state a claim. Counts 2 and 4 of the complaint were dismissed with prejudice as to two defendants, but were allowed to proceed against other defendants. As noted above, this case was ultimately settled by the parties. Again, however, no stipulation of dismissal was filed by the parties in *Nix*.[6] Instead, on February 18, 2005, the undersigned issued an order dismissing *Nix* with prejudice noting that the parties had reached a settlement of it and several other cases. No

---

the reviewing court found the complaint to be wanting. *Sumner v. Tucker*, 9 F. Supp.2d 641, 644 (E.D. Va. 1998).

[6]As noted before, a stipulation of dismissal was filed in *Johnson v. Rhodes*, Case No. 01-244 (S.D. Ill.), but the stipulation appears to cover just that case. *See Johnson v. Rhodes,* Case No. 01-244 (S.D. Ill.) (Stipulation to Dismiss filed Feb. 10, 2005).

Judgment was entered and no appeal was taken.

This Court finds that its 2003 order dismissing Counts 1 and 3 with prejudice constitutes "strike three" for purposes of § 1915(g).  For the reasons stated above, this Court finds that neither the Settlement Agreement nor the 2005 order dismissing *Nix* alters this conclusion.

### Johnson v. Bowers, No. 05-148 (S.D. Ill.)

On October 26, 2006, Judge William D. Stiehl issued an order, after screening Plaintiff's complaint, dismissing Counts 3, 4, 5, 8, 10, 11, and 12 of the complaint.  Counts 3, 4, 5, 8 and 11 were dismissed with prejudice pursuant to § 1915A for failing to state a claim.  Count 10 was dismissed without prejudice for failing to exhaust administrative remedies.  Count 12 was dismissed without prejudice because of pleading deficiencies (i.e., Plaintiff failed to specify by name any of the defendants responsible for allegedly denying his rights).  The other counts of the complaint (counts 1, 2, 6, 7, 9, and 13) were allowed to proceed.

On March 30, 2009, Judge Stiehl issued an order adopting the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson to grant summary judgment on Counts 1, 2, 6, 7, 9, and 13.  Judgment was entered for the remaining defendants and against Plaintiff.  No appeal was taken.

This Court finds that Judge Stiehl's 2006 order dismissing Counts 3, 4, 5, 8 and 11 with prejudice pursuant to § 1915A for failing to state a claim constitutes "strike four" for purposes of § 1915(g).

Because Plaintiff was incarcerated when he filed this action and because he had accumulated three or more qualifying "strikes" under § 1915(g) at the time he filed the instant action, he cannot proceed *in forma pauperis* unless he was under imminent danger of serious

physical injury at the time he filed the complaint. This Court reviewed the complaint in some detail when it conducted the review required by § 1915A. *See* (Doc. 8). Nothing in the complaint, which details events occurring in 2008, indicates that Plaintiff was under imminent danger of serious physical injury when he filed the complaint on June 3, 2009.

Accordingly, Plaintiff was improvidently granted leave to proceed *in forma pauperis* with respect to this action. Plaintiff's *pauper* status will be revoked as it relates to this case. Consequently, Plaintiff will be directed to pay the remainder of the filing fee ($335.48).

Defendants' victory, however, may be short-lived. If Plaintiff fails to pay the remainder of the filing fee ($335.48) within the time specified, then this case will be dismissed, but, the dismissal will be without prejudice. *Harris v. City of New York*, __ F.3d at __, 2010 WL 2179151 *5 (2nd Cir. June 2, 2010). This means that Plaintiff may refile his suit if he so chooses. If, at the time he refiles his suit, Plaintiff is still not incarcerated, then the prisoner provisions of § 1915 will not apply to him. As such, if Plaintiff can establish his financial eligibility for *in forma pauperis* status, he - like any other non-incarcerated litigant - may be excused from prepaying the filing fee. *Id*.

Thus, Plaintiff has two options if he wishes to pursue his claims. The first option is to pay the remaining balance of the filing fee for this case ($335.48) and continue with it uninterrupted. The second option is to not pay the remaining balance of the filing fee for this case, suffer a dismissal of it (without prejudice), and then refile his complaint as a new civil action seeking leave to proceed *in forma pauperis*. On the surface, Plaintiff may prefer the second option. Plaintiff, however, is warned that if he pursues the second option and this case is dismissed, he may face additional barriers to refiling his claims. For example, the future case

may be barred by the applicable statute of limitations. Therefore, Plaintiff should proceed with caution before choosing the second option.

### DISPOSITION

**IT IS HEREBY ORDERED** that the motion of Defendants Delgado, Gaetz, Hulick, Lee, Mitchell, Newell, and Walker to revoke Plaintiff's *pauper* status (Doc. 22) is **GRANTED.**

**IT IS FURTHER ORDERED** that this Court's Order granting Plaintiff leave to proceed *in forma pauperis* (Doc. 7) is **VACATED.**

**IT IS FURTHER ORDERED** that within **FIFTEEN (15) DAYS** of the entry of this Order Plaintiff shall pay the remaining balance of the filing fee ($335.48) to the Clerk of Court.

**IT IS FURTHER ORDERED** that if Plaintiff fails to pay the remaining balance of the filing fee ($335.48) to the Clerk of Court within the time specified, then this action will be dismissed without prejudice. FED.R.CIV.P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. 16) is **DENIED.**.

**IT IS SO ORDERED**.

**DATED this 11th day of June, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**
